IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK CHITTUM, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:14CV272–HEH
)
DR. DIXON, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

Plaintiff Mark Chittum, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Opinion and Order (ECF Nos. 32, 33) entered on November 7, 2014, the Court dismissed Chittum's action without prejudice for failing to comply with the Court's directives.[2] On November 25, 2014, the Court received a letter from Chittum requesting that the Court "change the dismissed action [and] allow [him] to continue [his] case." (Mot. for Reconsideration, ECF No. 35, at 1.) Because Chittum filed his request for reconsideration within the twenty-eight day time limit for motions under Fed. R. Civ. P. 59(e),

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] By Memorandum Order entered October 16, 2014, the Court denied Plaintiff's motion to postpone the action, and directed that Plaintiff, within fourteen (14) days of the date of entry thereof, file a response to the Memorandum Order indicating his clear intent to proceed with this action. The Court warned that failure to comply with the directive would result in dismissal of the action. As more than fourteen (14) days passed without Plaintiff complying with the Court's directive, the Court dismissed the action without prejudice.

the Court treats the motion as one under Rule 59(e). *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).[3] Chittum fails to demonstrate that the Court committed a clear error of law in dismissing the present action. Rather than presenting grounds for relief under Rule 59(e), Chittum merely argues that he now requires legal representation because his previous "representative," another inmate, was "shipped out." (Mot. for Reconsideration at 1.) Chittum also explains that he needs "help paying the filing fee." (*Id.*) Chittum presents no basis for granting Rule 59(e) relief. Accordingly, Chittum's Rule 59(e) Motion (ECF No. 35) will be DENIED.

The Court notes that Chittum's case was dismissed without prejudice. Therefore, if Chittum wishes to pursue this action he may file a new complaint with the Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb 6, 2015
Richmond, Virginia

---

[3] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).

2